# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 21-2122V**
**Filed: July 23, 2026**

| | |
|---|---|
| RAITHE PACE,<br><br>Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>Respondent. | Special Master Daniel Horner |

*David John Carney, Green & Schafle LLC, Philadelphia, PA, for petitioner.*
*Mitchell Jones, U.S. Department of Justice, Washington, DC, for respondent.*

## RULING ON ENTITLEMENT[1]

On November 1, 2021, Raithe Pace ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq.*[2] (the "Vaccine Act"). (ECF No. 1.) Petitioner initially alleged that as a result of her February 7, 2019 tetanus and measles, mumps, and rubella ("MMR") vaccinations, she suffered a Table Injury of a shoulder injury related to vaccine administration ("SIRVA"), or alternatively, a shoulder injury caused-in-fact by her vaccinations. (*Id.* at 1, 5.)

On August 7, 2023, respondent filed his initial Rule 4(c) Report recommending against compensation. (ECF No. 24.) Respondent argued that petitioner had not met the requirements to establish a Table Injury of SIRVA, stressing that the record did not preponderantly demonstrate that petitioner experienced shoulder pain within 48 hours of

---

[1] Because this document contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the document will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

vaccine administration. (*Id.* at 7-8.) With respect to petitioner's causation-in-fact claim, respondent contended that while petitioner was diagnosed with keloids, there is no record evidence that petitioner was diagnosed with any musculoskeletal injury to the shoulder itself. (*Id.* at 8-10.)

In a Rule 5 Order issued in August of 2023, the undersigned cautioned that petitioner was unlikely to prevail in demonstrating a Table Injury of SIRVA or a shoulder injury caused-in-fact by her vaccinations. (ECF No. 26, p. 2.) However, the undersigned advised that petitioner may have a viable claim for a vaccine-caused keloid injury. (*Id.*) Petitioner filed an expert report by dermatologist Sergei Grando, M.D., in March of 2024. (ECF No. 31; Ex. P13.) Thereafter, the parties engaged in settlement negotiations, which ultimately stalled in July of 2025. (ECF No. 45.) Accordingly, the undersigned directed petitioner to file an expert report supporting her SIRVA claim. (ECF No. 54.)

However, on March 19, 2026, petitioner elected to forgo her shoulder-related allegation and filed an amended petition narrowing her alleged vaccine-caused injury to "a keloid injury on her vaccinated arm in or around her vaccination site." (ECF No. 46.) Thereafter, respondent requested the opportunity to file an amended Rule 4(c) Report. (ECF Nos. 56-59.)

On July 22, 2026, Respondent filed an amended Rule 4(c) report in which he concedes that Petitioner is entitled to compensation in this case. (ECF No. 60.) Specifically, based on review of the amended petition and medical records, Respondent states that:

> [P]etitioner sustained a keloid injury on her right deltoid, which was more likely than not in fact caused by administration of the tetanus and MMR vaccines at the same location. No other causes for petitioner's keloid have been identified. Further, . . . petitioner suffered the residual effects or complications of her injury for more than 6 months after the administration of the vaccine. Therefore, based on the record as it now stands, petitioner has satisfied all legal prerequisites for compensation under the Act.

(*Id.* at 4-5 (citations omitted).)

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

**s/Daniel T. Horner**
Daniel T. Horner
Special Master